PEOPLE *ex rel.* McCORMICK *v.* WELDON *et al.,* Superintendents of Poor.

(*Supreme Court, General Term, Second Department.* May 11, 1891.)

POOR AND POOR-LAWS—REMOVAL OF OFFICERS—SALARY.

Laws N. Y. 1847, c. 498, as amended by Laws N. Y. 1862, c. 298, provides that the county superintendent of the poor in each county shall have power to appoint a keeper of the county poor-house, and to remove him at any time. Laws N. Y. 1890, c. 539, § 5, provides, with respect to officers of the poor in Richmond county, that the board of supervisors of the county shall forthwith elect a county superintendent of the poor, who shall be keeper of the county poor-house by virtue of his office. Plaintiff, prior to the passage of the act of 1890, had been appointed keeper of the poor-house in said county. During his incumbency a county superintendent of the poor was elected pursuant to said statute, who took possession of said poor-house as keeper thereof *ex officio.* Plaintiff brought this action for salary accruing after his removal, but prior to the expiration of his term. *Held,* that he was not entitled to recover, since he could be at any time removed under said first mentioned statute, and that the appointment of a county superintendent of the poor under said second named statute operated as such removal.

Appeal from special term, Richmond county.

Action by the people of the state of New York at the relation of Thomas McCormick against Patrick J. Weldon and others, superintendents of the poor, to recover an alleged balance of salary due relator accruing after his removal from office. Laws N. Y. 1847, c. 498, as amended by Laws N. Y. 1862, c. 298, provides that "in each of the counties of this state having a

county poor-house the superintendent of the poor  *  *  *  shall appoint a keeper of such county poor-house, and shall have full power at any time to remove any keeper, and appoint another in his stead." Laws N. Y. 1890, c. 539, § 5, provides: "The board of supervisors of the county shall forthwith elect an officer, to be known as the 'County Superintendent of the Poor.' The said county superintendent of the poor shall, by virtue of his office, be keeper of the county poor-house." There was a judgment for defendants, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

W. J. Powers, for appellant.    Van Hoevenberg & Holt, for respondents.

DYKMAN, J.   This is an appeal from an order of the special term of this court, denying the motion of the relator for the issuance of a peremptory writ of mandamus requiring the respondents to meet and pay the relator the sum of $250, claimed by him to be due him for a quarter's salary as keeper of the county poor-house in Richmond county. The relator was appointed by the respondents as keeper of the poor-house in January, 1890, for one year; but in June, 1890, the legislature passed a law authorizing and requiring the board of supervisors of the county to elect an officer to be known as the "County Superintendent of the Poor," who was to be keeper of the poor-house by virtue of his office. Chapter 539, Laws 1890. On the 9th day of October, 1890, the board of supervisors of the county of Richmond, in obedience to the law of 1890, elected Benjamin J. Bodine county superintendent of the poor, and he entered upon the performance of his duties. There is some discrepancy in the dates, for the relator states in his affidavit that Bodine turned him out on the 21st day of July, 1890, while the record shows that he was appointed on the 9th day of October, 1890. The difference is not, however, very important, for the appointment of Bodine terminated the employment of the relator, and he cannot compel the respondents to pay him his salary. Even though the relator was legally appointed for a year, yet he could be discharged or removed at any time. Chapter 498, Laws 1847, as amended by chapter 298, Laws 1862. So his term of office could be abridged by the legislature, as it probably was by the law of 1890. In no view, therefore, was the relator entitled to the writ, and the order should be affirmed, with $10 costs and disbursements. All concur.